Purvis *v.* Hornor.

Opinion delivered March 7, 1932.

*W. G. Dinning,* for appellant.

*Bevens & Mundt* and *Moore, Daggett & Burke,* for appellee.

SMITH, J. This suit was brought at law to recover possession of a life insurance policy which was issued upon the life of C. H. Purvis on December 31, 1894, for $2,500.

On January 8, 1900, Purvis became indebted to S. H. Hornor in the sum of $1,650, evidenced by two notes each for the sum of $825. These notes represented a portion of the purchase price of a home that was then being purchased by Purvis, and were secured by a second mortgage on that property. Purvis and Hornor had numerous other financial transactions. It was shown, and not denied, that the home which Purvis was purchasing was mortgaged to a building and loan company, and that this loan was discharged by monthly payments made by Hornor extending over a period of years in accordance with the building and loan plan of payment.

On January 9, 1900, the insurance policy was twice assigned to Hornor. One of these assignments appears to have been made by filling in the blank spaces printed on the policy designed for use in case of assignment, a copy of which was sent to the insurance company. This assignment reads as follows:

"For value received I do hereby assign, transfer and set over the above-described policy of assurance, and all sum or sums of money, interest, benefit, and advantage whatsoever, now due or hereafter to become due by virtue thereof, unto S. H. Hornor as his interests may appear.

"Subject to all the terms and conditions expressed in said policy.

"Witness my hand and seal this 9th day of January, 1900.

(Signed)   "C. H. Purvis.

"Signed in presence of
"B. A. Dunlap."

In the space reserved for the name of the assignee in the blank upon which the above assignment was made there was a * calling attention to a direction at the bottom of the assignment as to how the assignment should be made, which reads as follows:

"*Insert here full name and relationship of person to whom policy is assigned, and, if a creditor, state amount of indebtedness.

"The company does not guarantee the validity of any assignment."

Attached to this assignment were two canceled internal revenue stamps of one dollar each.

On the back of the policy there was written the following assignment:

"For value received I hereby assign, transfer and set over to Sidney H. Hornor and authorize the payment of the within policy to him or his assigns, whenever the same becomes due under the terms of said policy. This January 9th A. D., 1900.

"Signed in duplicate.

(Signed)   "C. H. Purvis.

"Witness:
"B. A. Dunlap."

It thus appears that there are two assignments indorsed upon the policy, both under date of January 9, 1900, and each was witnessed by B. A. Dunlap. One is conditional; the other is unconditional. The conditional assignment was written with pen and ink, and was shown to have been in the handwriting of J. J. Hornor, who at that time was one of the leading lawyers of the State. J. J. Hornor died in 1905. S. H. Hornor, the assignee, died November 18, 1900, and Dunlap, the witness to both assignments, died some years before this suit was begun,

and only the assignor, the plaintiff in the case, is now living. It was shown, and not disputed, that all premiums on the policy were paid after its assignment by the representative of the estate of S. H. Hornor.

No explanation was made by Purvis of the two assignments except that the purpose of both was to secure the indebtedness of Purvis to Hornor. Much testimony was offered as to the state of the accounts between them. The testimony on behalf of Purvis was to the effect that the policy was assigned as additional security for the current debts of Purvis to Hornor, and that the indebtedness thus secured was finally paid in full. The testimony on behalf of the defendant, who is the son of S. H. Hornor, and who claims the right to retain the policy as a part of his father's estate, was to the effect that the assignment was unconditional, and that the entire indebtedness due from Purvis to Hornor had never been paid.

Upon this issue of fact the court charged the jury at the request of the plaintiff that, if the policy had been assigned as security for debt, and the debt had been paid, the plaintiff was entitled to the possession of the policy. The court also charged the jury upon his own motion that this finding might be made by a preponderance of the evidence.

The court gave, at the request of the defendant and over the objections of the plaintiff, two instructions, which read as follows:

"II. The undisputed evidence in this case shows that one of the assignments of the policy sued for herein, absolute in its terms, was executed by the plaintiff to S. H. Hornor, January 9, 1900. The plaintiff seeks to avoid the effect of such absolute assignment by the introduction of evidence to the effect that such assignment was, in fact, made for the purpose of securing an indebtedness which then existed between him and the said S. H. Hornor, which said indebtedness was afterwards discharged by him. You are instructed that the law presumes an instrument to be what it seems to be upon

its face, in this case, an absolute assignment and not an assignment to secure an indebtedness. Therefore, before you could be warranted in returning a verdict for the plaintiff herein, the evidence that the absolute assignment was in fact not an absolute assignment, but conditional for the purpose of securing an indebtedness, the evidence to that effect must be clear, satisfactory and convincing to your minds."

"V. You are instructed that the assignment 'to S. H. Hornor as his interest may appear', shown on the policy herein, is merged into the absolute assignment appearing on the policy in the handwriting of J. J. Hornor dated January 9, 1900, unless you find that the intention of the parties at the time of the absolute assignment was to secure the payment of the plaintiff's indebtedness to the said S. H. Hornor."

We think these instructions are erroneous under the testimony in this case. It must be remembered that there were two assignments, and that they both bore the same date, and the case presents just two questions of fact. The first is, which assignment reflected the intention and agreement of the parties? and the second is, whether the indebtedness which the policy was pledged to secure has been paid, if the assignment was, in fact, conditional?

If the second assignment set out above had been the only assignment, it would, of course, have been proper to tell the jury that it could not be treated as a mere pledge unless the testimony to that effect was clear, satisfactory and convincing. But there is another assignment, and, according to it, the policy was pledged as security for debt, and was not transferred in satisfaction of the debt.

It would be true, of course, that the plaintiff could not recover possession of the policy unless the debt had been paid, even though it had been transferred conditionally, as plaintiff insists.

The jury should have been permitted to find from a preponderance of the testimony only which assignment

reflected the agreement between the parties, and then, if it be found that the assignment was conditional, and not absolute, whether the condition had been performed— that is, whether the debt which it was intended to secure had been paid.

The testimony is legally sufficient to support a finding either way on these questions, and the verdict of the jury would be conclusive of these questions of fact, had the instructions not imposed the requirement that the plaintiff must establish his case by testimony that was clear, satisfactory and convincing.

In our opinion a preponderance of the testimony only was required, and for this reason the judgment must be reversed, and it is so ordered.